Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 5, 2012, confirming an arbitration award, dated May 4, 2011, which terminated petitioner’s employment as a public school teacher upon a finding that she engaged in a fraudulent scheme to enroll her granddaughter in public school using a false address, and dismissing the proceeding brought pursuant to Education Law § 3020-a and CFLR article 75, unanimously modified, on the law, to vacate the finding of guilt as to Specification 1-A-l (that petitioner engaged in the scheme to avoid payment of nonresident tuition) and vacate the penalty of termination, and to remand the matter for the imposition of an appropriate penalty, and otherwise affirmed, without costs.
Despite making a strong case that petitioner and her daughter-in-law were not credible regarding the family’s living situation, respondent Department of Education failed to sufficiently establish that the child’s residence had been moved to petitioner’s New Jersey home, or that petitioner and her son and daughter-in-law engaged in the scheme motivated by the desire to save on out-of-state tuition. Nor did the hearing officer make, or explicitly justify, any finding that the child was not a *582 City resident. Thus, there is no rational basis upon which to conclude that petitioner engaged in the scheme with the purpose of defrauding respondent out of nonresident tuition (see Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175, 186 [1990]; Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]).
However, as petitioner concedes, substantial evidence supports the charge that she acted in concert to file a false instrument (Specification 1-B), to wit, engaged in a scheme to use a school aide’s address to enroll her granddaughter in the school at which she taught, and that she improperly obtained the school’s services (Specification l-A-2), since the child should not have been enrolled there.
In light of the foregoing, we remand for the imposition of an appropriate lesser penalty. Concur — Tom, J.P., Andrias, Saxe and Gische, JJ.
The decision and order of this Court entered herein on April 4, 2013 (105 AD3d 460 [2013]) is hereby recalled and vacated (see 2013 NY Slip Op 89278[U] [2013] [decided simultaneously herewith]). [Prior Case History: 2012 NY Slip Op 30512(U).]